

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| v. | ) 2:15-CR-077-JCM-(VCF) |
| ERIC JAMAR GOODALL, | ) ) |
| Defendant. | ) |

**PRELIMINARY ORDER OF FORFEITURE**

This Court finds that on May 26, 2015, defendant ERIC JAMAR GOODALL pled guilty to Counts One through Four of a Four-Count Criminal Information charging him in Counts One and Two with Conspiracy to Interfere with Commerce by Robbery (Hobbs Act Robbery Conspiracy) in violation of Title 18, United States Code, Section 1951(a) and in Counts Three and Four with Brandishing of a Firearm in a Crime of Violence in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii). Criminal Information, ECF No. __; Change of Plea, ECF No. __; Plea Agreement, ECF No. __.

This Court finds defendant ERIC JAMAR GOODALL agreed to the forfeiture of the property and the imposition of the in personam criminal forfeiture money judgments set forth in the Plea Agreement and the Forfeiture Allegations of the Criminal Information. Criminal Information, ECF No. __; Change of Plea, ECF No. __; Plea Agreement, ECF No. __.

This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), the United States of America has shown the requisite nexus between property set forth in the Plea Agreement and the Forfeiture

Allegations of the Criminal Information and the offenses to which defendant ERIC JAMAR GOODALL pled guilty.

The following assets are: (1) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1951(a), or a conspiracy to commit such offense; (2) any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 924(c)(1)(A)(ii) and 1951(a); and (3) any firearm or ammunition intended to be used in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 1951(a) and are subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c); Title 18, United States Code, Sections 924(d)(1), (2)(C), and (3)(A) with Title 28, United States Code, Section 2461(c); and Title 21, United States Code, Section 853(p).

1. $214.59 in United States Currency;
2. a 9 mm semiautomatic handgun, Intratec model TEC-9, serial number ITEC65201; and
3. any and all ammunition

(all of which constitutes "property")

and an in personam criminal forfeiture money judgment, including but not limited to, at least $12,088.92 in United States Currency and an in personam criminal forfeiture money judgment, including but not limited to, at least $700,000 in United States Currency, to be held jointly and severally liable with any codefendants, and that the property will not be applied toward the payment of the money judgment.

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

///

1  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States recover
2  from ERIC JAMAR GOODALL criminal forfeiture money judgments in the amounts of $12,088.92
3  and $700,000 in United States Currency.

4  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all right, title, and interest of
5  ERIC JAMAR GOODALL in the aforementioned property is forfeited and is vested in the United
6  States of America and shall be safely held by the United States of America until further order of the
7  Court.

8  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America
9  shall publish for at least thirty (30) consecutive days on the official internet government forfeiture
10 website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the
11 time under the applicable statute when a petition contesting the forfeiture must be filed, and state the
12 name and contact information for the government attorney to be served with the petition, pursuant to
13 Fed. R. Crim. P. 32.2(b)(6) and Title 21, United States Code, Section 853(n)(2).

14 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity
15 who claims an interest in the aforementioned property must file a petition for a hearing to adjudicate
16 the validity of the petitioner's alleged interest in the property, which petition shall be signed by the
17 petitioner under penalty of perjury pursuant to Title 21, United States Code, Section 853(n)(3) and
18 Title 28, United States Code, Section 1746, and shall set forth the nature and extent of the petitioner's
19 right, title, or interest in the forfeited property and any additional facts supporting the petitioner's
20 petition and the relief sought.

21 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed
22 with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, no later than
23 thirty (30) days after the notice is sent or, if direct notice was not sent, no later than sixty (60) days
24 after the first day of the publication on the official internet government forfeiture site,
25 www.forfeiture.gov.
26 ///

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

> Michael A. Humphreys
> Assistant United States Attorney
> Daniel D. Hollingsworth
> Assistant United States Attorney
> Lloyd D. George United States Courthouse
> 333 Las Vegas Boulevard South, Suite 5000
> Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

DATED this 26th day of May, 2015.

_____
UNITED STATES DISTRICT JUDGE