**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

THE UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ERIC JAMAR GOODALL,

        Defendant.

Case No. 2:15–cr–77–JCM–VCF

**REPORT & RECOMMENDATION**

    Before the court are Goodall's motion to withdraw his guilty plea (ECF No. 108) and the Government's response (ECF No. 116). For the reasons stated below, Goodall's motion should be denied.

**I. Discussion**

    After his plea has been accepted by the Court, a defendant may withdraw his guilty plea only if the defendant "show[s] a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B). "The decision to allow a defendant to withdraw his plea ... lies within the discretion of the district court." *United States v. Ruiz*, 257 F.3d 1030, 1033 (9th Cir.2001) (*en banc*).

    A court may consider: (1) whether there has been an assertion of legal innocence; (2) the amount of time between the plea and the motion; and (3) whether the government would be prejudiced by the withdrawal of the guilty plea. *United States v. Ortega-Ascanio*, 376 F.3d 879, 885-87 (9th Cir. 2004).

    "Where the defendant has not challenged the adequacy of the Rule 11 colloquy, has not alleged newly discovered evidence, or pointed to intervening circumstances, courts have been reticent to grant motions to withdraw guilty pleas." *United States v. Cedano-Perez*, No. 2:09-cr-421 JCM (VCF), 2012

WL 1292448 at* 2 (D.Nev. Apr. 16, 2012) (citing *United States v. Turner*, 898 F.2d 705, 713 (9th Cir.1990)).

Goodall first argues that he should be allowed to withdraw his guilty plea based on "the combined effects of his mental diseases, and the medication that he takes for those conditions." (ECF No. 108) During the change of plea colloquy, Goodall acknowledged that he took seizure medication, named the medications, and stated that he understood what he was doing by changing his plea. (ECF No. 73) Judge Mahan made a specific finding: "Based on counsel's representations and the Court's own observation of the defendant, I find defendant is competent to plead in this matter." (*Id.*) At no time, during the hearing did Goodall indicate that he was having trouble following the proceedings or that he did not want to plead guilty.

On the contrary, Goodall repeatedly stated he understood what he was doing. When asked to state what was happening at the hearing, he responded, "I am changing my plea from not guilty to guilty and taking responsibility for my actions." (*Id.* at 8). Now, 13 months after he changed his plea, Goodall claims that his guilty plea was involuntary. To support this argument he lists a litany of uncorroborated, unsubstantiated mental impairments and medical issues that he claims rendered him incapable of understanding his guilty plea. (ECF No. 108) This argument is contradicted by Goodall's statements during the plea colloquy. *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008) ("Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea.") Nothing in Goodall's various *pro se* motions rebut the presumption that his statements during the plea colloquy were the truth.

Goodall next argues that he should be allowed to withdraw his guilty plea based on the ineffective assistance of his first attorney, Todd Leventhal. "[A] defendant may successfully attack the validity of a guilty plea based on ineffective assistance of counsel if the defendant shows 'that there is a

reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *United States v. Davis*, 428 F.3d 802, 805 (9th Cir. 2005) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).  Goodall asserts that he was "pressured by Attorney Todd Leventhal to accept a plea agreement even though he did not want to." (ECF No. 108 at 3)  Goodall does not provide details about the pressure Leventhal allegedly applied. Instead Goodall states he is left "with the distinct feeling that his counsel is deficient and is lacking in ethical morality towards defendant based on typical stereotyping."  (*Id.* at 4).  These unsubstantiated allegations of bias fall far short of demonstrating that Leventhal committed error, let alone that there is a reasonable probability that, but for such errors, Goodall would have insisted on going to trial.  *Davis*, 428 F.3d at 805.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY RECOMMENDED that Goodall's motion to withdraw his guilty plea (ECF no. 108) be DENIED.

IT IS SO RECOMMENDED.

DATED this 29th day of September, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE