UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff(s),<br><br>      v.<br><br>ERIC JAMAR GOODALL,<br><br>                              Defendant(s). | Case No. 2:15-CR-77 JCM (VCF)<br><br>ORDER |

Presently before the court is Magistrate Judge Ferenbach's report and recommendation ("R&R"), recommending that defendant Eric Goodall's motion to withdraw his guilty plea (ECF No. 108) be denied. (ECF No. 117). No objections have been filed, and the deadline for filing objections has since passed.

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made).

**James C. Mahan**
**U.S. District Judge**

Nevertheless, this court finds it appropriate to engage in a *de novo* review to determine whether to adopt the recommendation of the magistrate judge.

A defendant may withdraw his or her guilty plea only if the defendant "show[s] a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "The decision to allow a defendant to withdraw his plea, however, lies within the discretion of the district court." *United States v. Ruiz*, 257 F.3d 1030, 1033 (9th Cir. 2001) (*en banc*) (citing *United States v. Turnipseed*, 159 F.3d 383, 387 (9th Cir. 1998)).

Where the defendant has not challenged the adequacy of the Rule 11 colloquy, has not alleged newly discovered evidence, or pointed to intervening circumstances, courts have been reticent to grant motions to withdraw guilty pleas. *See United States v. Turner*, 898 F.2d 705, 713 (9th Cir. 1990) (upholding district court's denial of motion to withdraw guilty plea because defendant did "not challenge the adequacy of his Rule 11 hearing nor [did] he allege newly discovered evidence, intervening circumstances, or any other reason for withdrawing his guilty plea that did not exist when he pleaded guilty."); *see also United States v. Rios–Ortiz*, 830 F.2d 1067, 1069 (9th Cir. 1987) (same); *see also United States v. Nostratis*, 321 F.3d 1206, 1209–10 (9th Cir. 2003) (affirming denial of motion to withdraw guilty plea in light of sufficient Rule 11 inquiry conducted by district court); *United States v. Castello*, 724 F.2d 813, 815 (9th Cir. 1984) (crediting representations made during Rule 11 plea hearing over subsequent statements); *United States v. Signori*, 844 F.2d 635, 639 (9th Cir. 1988) (upholding district court's finding that ample evidence showed defendant's plea was voluntary based on Rule 11 colloquy).

Defendant argued that he should be allowed to withdraw his guilty plea because of "the combined effects of his mental diseases, and the medications that he takes for those conditions." (ECF No. 108). Magistrate Judge Ferenbach found that defendant's statements during the plea colloquy contradict his argument. (ECF No. 117). Specifically, during the change of plea colloquy, defendant "acknowledged that he took seizure medication, named the medications, and stated that he understood what he was doing by changing his plea." (ECF Nos. 73, 117). Further, this court made a specific finding: "Based on counsel's representations and the court's own observation of the defendant, I find defendant is competent to plead in this matter." (ECF No. 73).

**James C. Mahan**
**U.S. District Judge**

Next, defendant argued that he should be allowed to withdraw his guilty plea based on ineffective assistance of his first attorney, Todd Leventhal. (ECF No. 108). "[A] defendant may successfully attack the validity of a guilty plea based on ineffective assistance of counsel if the defendant shows 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *United States v. Davis*, 428 F.3d 802, 805 (9th Cir. 2005) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Magistrate Judge Ferenbach rejected defendant's argument, finding that his unsubstantiated allegations of bias fell short of meeting the standard for withdrawing a guilty plea based on ineffective assistance of counsel. (ECF No. 117).

Upon reviewing the recommendation and underlying briefs, the court finds that good cause appears to ADOPT the magistrate judge's findings.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Ferenbach's report and recommendation (ECF No. 117) be, and the same hereby is, ADOPTED in its entirety.

IT IS FURTHER ORDERED that defendant Goodall's motion to withdraw his guilty plea (ECF No. 108) be, and the same hereby is, DENIED.

DATED October 18, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**