UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>ERIC JAMAR GOODALL,<br><br>Defendant(s). | Case No. 2:15-CR-77 JCM (VCF)<br><br>ORDER |

Presently before the court is Eric Jamar Goodall's *pro se* motion to dismiss the indictment against him. (ECF No. 173). The United States of America (the "government") filed a response in opposition (ECF No. 175), to which Goodall replied (ECF No. 176).

Goodall claims that this court lacks jurisdiction over count four of the indictment pursuant to Federal Rule of Criminal Procedure 12(b)(2), for the indictment's failure "to state a federal offense." (ECF No. 173 at 1).[1]

From a procedural standpoint, it appears that Goodall conflates Federal Rule of Criminal Procedure 12(b)(2)—motions for lack of jurisdiction to be made "at any time while the case is pending"—with 12(b)(3), which provides a method for a defendant to object to an indictment that fails to state an offense, typically made as a pre-trial motion.[2] Construing

---

[1] Count four of Goodall's indictment was listed as "Brandishing of a Firearm in a Crime of Violence," in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2. The court notes that the indictment presumably intended to include § 924(c)(3) instead of (c)(2) since § 924(c)(3) refers to the definition of the term "crime of violence," which is the central issue in both Goodall's appeal and this instant motion to dismiss indictment. In contrast, § 924(c)(2) refers to the definition of "drug trafficking crime," which is not pertinent to Goodall's crimes.

[2] Rule 12(b)(3) specifically states that a motion alleging a defect in an indictment "must be raised by pretrial motion *if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits*." (emphasis added). Since § 924(c), the basis for

**James C. Mahan**
**U.S. District Judge**

Goodall's *pro se* motion liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed"), the court addresses both arguments separately.

### Rule 12(b)(3)(B)(v) Failure to State an Offense in an Indictment

First, the court notes that Goodall's Rule 12(b)(3) claim of an alleged defect in the indictment against him is a non-jurisdictional issue. *See U.S. v. Cotton*, 535 U.S. 625, 630–31 (2002) ("a district court has jurisdiction of all crimes cognizable under the authority of the United States … [and] **[t]he objection that the indictment does not charge a crime against the United States goes only to the merits of the case**.") (emphasis added) (internal quotations and internal citation omitted); *accord U.S. v. Ratigan*, 351 F.3d 957, 962–63 (2003) ("defects in an indictment do not deprive a federal court of its power to adjudicate a case.") (citing *U.S. v. Cotton*, 535 U.S. at 630–31).

The gravamen of Goodall's current motion to dismiss count four of the indictment relates to a Supreme Court decision issued after Goodall's conviction and sentence in which the Court ruled that 18 U.S.C. § 924(c)'s "residual clause" defining a "crime of violence" was "unconstitutionally vague." *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). Indeed, count four of Goodall's indictment is based on § 924(c)'s residual clause.

Regardless, the Ninth Circuit has held that "[a]n unconditional guilty plea waives all non-jurisdictional defenses and *cures all antecedent constitutional defects*, allowing only an attack on the voluntary and intelligent character of the plea." *U.S. v. Brizan*, 709 F.3d 864, 866–67 (9th Cir. 2013) (emphasis added). An alleged failure of an indictment to "state an offense," as alleged here, is just such an antecedent constitutional defect that is foreclosed by Goodall's unconditional guilty plea.

What is more, the Ninth Circuit rejected Goodall's appeal founded on functionally the same claim—to wit, that the *Davis* decision uprooted the legality of his conviction since it was based, in part, on § 924(c). *United States v. Goodall*, 21 F.4th 555 (9th Cir. 2021).

---

count four of Goodall's indictment, was not ruled unconstitutional until *after* Goodall's conviction and sentence, *see United States v. Davis,* 139 S. Ct. 2319, 2336 (2019), the court does not find that this motion was reasonably available to Goodall as a pretrial motion.

**James C. Mahan**
**U.S. District Judge**

- 2 -

The Ninth Circuit held that Goodall's appellate waiver in his plea agreement foreclosed *any* challenge to his conviction and sentence, including a challenge to a count of conviction in his plea agreement based on a crime no longer on the books. Specifically, the court held that the "illegal sentence" exception to appellate waivers did not apply to Goodall's facts because Goodall's appeal asserted that his sentence was based on an illegal *conviction*, not an illegal sentence—that is, an illegal sentence exists where the sentencing judge issued a sentence greater than what was statutorily authorized at the time of sentencing. *Goodall,* 21 F.4th 555 at 561–63.

<u>Rule 12(b)(2) Lack of Jurisdiction in a Criminal Case</u>

Moreover, the court finds Goodall's jurisdictional claim pursuant to Rule 12(b)(2) moot, for the following reasons. A Rule 12(b)(2) motion must be made while the case is still "pending." The Ninth Circuit issued its opinion on Goodall's appeal on December 28, 2021 (ECF No. 170), and subsequently issued its mandate on January 5, 2022 (ECF No. 171). Goodall filed the instant motion to dismiss the indictment against him shortly thereafter, on January 24, 2022 (ECF No. 173).

The parties dispute whether a case is still "pending" if a petition for writ of certiorari is outstanding before the Supreme Court of the United States.[3] Regardless of that determination,

---

[3] It does not appear that the Supreme Court or Ninth Circuit have addressed this issue on-point. Goodall points to *Clay v. U.S.* as support for his position that a case is still "pending" until final determination of Supreme Court certiorari. 537 U.S. 522, 525 (2003) ("For the purpose of starting the clock on [28 U.S.C.] § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.") But this holding is not quite apropos. *Clay*'s holding relates to the question of finality for purposes of calculating a statutory limitation period, while the question before the court today pertains to the determination of pendency for purposes of asserting jurisdictional challenges.

The government directs the court to an Eighth Circuit decision which purportedly addressed this question directly when it held that the "[i]ssuance of the [appellate] mandate formally marks the end of appellate jurisdiction. Jurisdiction returns to the tribunal to which the mandate is directed, for such proceedings as may be appropriate ...." *Carlson v. Hyundai Motor Co.*, 222 F.3d 1044, 1045 (8th Cir. 2000) (citation omitted). In other words, the filing of an appellate mandate is the event that "signals" the conclusion of the proceedings. *Id.*

However, a lingering question remains in *Carlson*: Is a defendant's case still "pending" if s/he subsequently files a petition for writ of certiorari after the mandate from the court of appeals issues? In *Carlson*, the defendant never filed a timely certiorari petition, but here, Goodall did. Nevertheless, because the Supreme Court has issued an intervening decision denying Goodall's

**James C. Mahan**
**U.S. District Judge**

- 3 -

Goodall's certiorari petition was denied by the Supreme Court on April 25, 2022. (ECF No. 177). Therefore, this case is unambiguously closed, and Goodall's motion to dismiss the indictment against him based on lack of jurisdiction pursuant to Rule 12(b)(2) is consequently moot since his case is no longer "pending," or "awaiting decision." *See Pending*, *Black's Law Dictionary* (11th ed. 2019).

Ultimately, it appears that Goodall is attempting to relitigate issues already decided by the court of appeals. Goodall benefitted enormously from his plea agreement with the government, which did not include many additional robbery and firearm charges, and yet, "[r]ather than accept the benefit of his bargain, Goodall seeks to parlay the plea agreement's leniency into reversible error." *Goodall*, 21 F.4th 555 at 564–65. The court declines to do so here.

### *Pro se* Filings

Furthermore, Goodall filed the instant motion *pro se* even though he is represented by Angela Dows, per the court's order appointing counsel on February 14, 2018. (ECF No. 158).

Local rule IA 11-6 provides that "[u]nless the court orders otherwise, a party who has appeared by attorney cannot while so represented appear or act in the case. This means that once an attorney makes an appearance on behalf of a party, that party may not personally file a document with the court; all filings must thereafter be made by the attorney." Local rule IC 7-1 further provides that "[t]he court may strike documents that do not comply with these rules."

CJA Attorney Angela H. Dows was appointed as Goodall's appellate counsel on February 14, 2018. (ECF No. 158). Ms. Dows has not withdrawn or been terminated from the case. Thus, Goodall's motion was improperly submitted *pro se* after the appearance of an attorney on his behalf.

If Goodall wishes to file anything further with the court in *propria persona*, he must file a motion to request withdrawal of his appointed counsel and request to proceed *pro se*.

---

certiorari petition after he filed the instant motion with the court, the court need not decide this question.

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  Any additional *pro se* documents submitted while represented by counsel may be stricken by
2  the court pursuant to LR IC 7-1.
3  <u>Conclusion</u>
4  Accordingly,
5  IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Goodall's motion to
6  dismiss count four of the indictment against him (ECF No. 173) be, and the same hereby is,
7  DENIED, with prejudice.
8  DATED May 13, 2022.

_____
UNITED STATES DISTRICT JUDGE