UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff(s),<br><br>  v.<br><br>ERIC JAMAR GOODALL,<br><br>          Defendant(s). | Case No. 2:15-CR-77 JCM (VCF)<br><br>ORDER |

Presently before the court is defendant Eric Goodall's motion for compassionate release under 18 U.S.C. 3582(c)(1)(A). (ECF No. 180). The government filed a response (ECF No. 185), to which Goodall replied (ECF No. 190). For the reasons set forth below, the court DENIES Goodall's motion.

**I. Background**

Goodall is currently serving his term of incarceration at the Federal Bureau of Prisons ("BOP") at Coleman Medium Federal Correctional Institution. (ECF No. 190, at 1). He is projected to finish his term around November of 2026. *Id.*

In 2014, Goodall committed a string of armed robberies with his co-defendants over a two-month period. (*Id.*). Goodall robbed two Beauty Supply Warehouse stores, two O'Reilly Auto Parts stores, two Cricket Wireless stores, and a National Jewelry Liquidation Center store. (*Id.*). During these robberies, Goodall repeatedly threatened store employees with violence, and even death, if they did not comply with his demands. (*Id.*).

Goodall eventually entered into a nonbinding plea agreement with the government and pleaded guilty to two counts of conspiracy to commit Hobbs Act robbery and one count of brandishing a firearm during and in relation to a crime of violence (18 U.S.C. § 924(c)). (ECF

**James C. Mahan**
**U.S. District Judge**

Nos. 63, 65). As part of his plea agreement, Goodall agreed to a broad waiver of his right to appeal his conviction or sentence. (ECF No. 63).

This court sentenced Goodall to 168 months incarceration. (ECF No. 151). This sentence was even shorter than the one contemplated in Goodall's plea agreement. (ECF No. 63). But, despite his waiver of appellate rights, Goodall appealed his section 924(c) conviction, arguing that the statute is unconstitutionally vague. *See United States v. Goodall*, 21 F.4th 555 (2021). The Ninth Circuit dismissed Goodall's appeal, holding that it was barred by the appellate waiver in his plea agreement. *Id.* at 565.

The Supreme Court denied Goodall's petition for a writ of certiorari. (ECF No. 177). Goodall now moves this court for compassionate release. The parties do not dispute that Goodall has exhausted his administrative remedies.

**II.     Legal Standard**

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act; Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018); authorizes the sentencing court to modify a defendant's sentence in limited circumstances. 18 U.S.C. § 3582(c)(1)(A). The court may consider a motion under section 3582(c)(1)(A) only "upon a motion of the Director of the Bureau of Prisons" or upon the defendant's motion after he has fully exhausted his administrative remedies. *Id.* The defendant may also move for compassionate release if his application to the BOP goes unanswered for thirty days. *Id.*

To grant compassionate release, the court must consider whether: (1) "extraordinary and compelling reasons" warrant release; (2) release would be "consistent with *applicable* policy statements issued by the Sentencing Commission;" and (3) release is warranted under the "particular circumstances of the case" based on the factors outlined in 18 U.S.C. § 3553(a). *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022). "Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy *any* of these grounds." *Id.* (emphasis added).

James C. Mahan
U.S. District Judge

- 2 -

For compassionate release motions filed by the defendant, as opposed to the BOP, district courts may consider "*any* extraordinary and compelling reason for release that a defendant may raise." *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021). These reasons may include—but are not limited to—terminal illnesses and other medical conditions "that substantially diminish the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" or the defendant's advanced age. USSG § 1B1.13.[1]

The court need not "provide a lengthy explanation" for its decision on compassionate release so long as "context and the record reflect that [it] considered the defendant's substantive arguments and offered a reasoned basis" for its decision. *Wright*, 46 F.4th, at 950 (citations omitted). Ultimately, the decision to grant or deny compassionate release is within the district court's discretion. *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021).

### III. Discussion

Goodall argues that he should be compassionately released due to his underlying medical conditions, the BOP's alleged inability to safeguard its inmates from infection by the Omicron variant of the COVID-19 virus, and the purported unconstitutionality of his conviction under section 924(c). The court does not decide whether there is an extraordinary and compelling reason to grant Goodall's request for compassionate release because it denies his request under the factors listed in 18 U.S.C. § 3553(a). *Wright*, 46 F.4th at 947 (holding that a district court may deny a request for compassionate release without conducting a sequential, "step-by-step analysis" under section 3582(c)(1)(A)).

Section 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed; the kinds of sentences available; the kinds of sentence and the sentencing range established in the Guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found

---

[1] Because USSG § 1B1.13 has not yet been updated to reflect the First Step Act's amendment of 18 U.S.C. § 3582(c)(1)(A), its policy statement is currently only "informative," rather than binding, on district courts. *Aruda*, 993 F.3d at 802.

**James C. Mahan**
**U.S. District Judge**

guilty of similar conduct; and the need to provide restitution to any victims." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citing 18 U.S.C. § 3553(a)(1)–(7)).

Goodall admitted to the facts supporting his convictions. Not only did Goodall rob several stores with his codefendants, but he also split off from the group and robbed several more stores on his own. (ECF No. 63, at 6–14). During the group and solo robberies, Goodall repeatedly held store employees at gunpoint and threatened their lives. (*Id.*).

These robberies are also not the only criminal convictions under Goodall's belt. Prior to his sentence by this court, Goodall had multiple convictions and arrests, many of which involved violence. Furthermore, since beginning his term of incarceration, Goodall has not shown evidence of rehabilitation. Goodall has faced multiple disciplinary hearings for poor conduct, including threatening a BOP staff member and refusing a work assignment. (ECF No. 185, at 5).

Considering all of the above, the first two factors under section 3553(a) do not warrant a grant of compassionate release. Not only was Goodall's underlying offense undeniably serious, he appears to pose a danger to the public and has not shown evidence of rehabilitation. Granting Goodall's motion for compassionate release would not serve the purposes of sentencing. *Dean v. United States*, 581 U.S. 62, 67 (2017) (explaining that the second sentencing factor considers whether a given sentence serves the purposes of sentencing: "just punishment, deterrence, protection of the public, and rehabilitation").

The remaining pertinent section 3553(a) factors require the court to consider "the kinds of sentences available," "the kinds of sentence and the sentencing range established," "any pertinent policy statement" issued by the Sentencing Commission, and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been guilty of similar conduct." 18 U.S.C. § 3553(a)(3)–(6). These factors weigh against a grant of compassionate release.

This court sentenced Goodall to 84 months for two counts of Hobbs Act robbery followed by a consecutive sentence of another 84 months for his section 924(c) conviction. (ECF No. 151). The guideline range for Goodall on his Hobbs Act counts, based on his criminal history and the total offense level, is 84 to 105 months. A conviction under section 924(c) carries a mandatory

**James C. Mahan**
**U.S. District Judge**

- 4 -

minimum of 84 months, to be served consecutive to any other sentence imposed by the court. 18 U.S.C. 924(c)(1)(D).

Goodall's sentence is thus already at the low end of the guidelines range and the statutory minimum. His sentence is also significantly below the 240 months agreed upon by the parties in the plea agreement. (ECF No. 63, at 20). To grant Goodall compassionate release now, when he is still years away from completing his term of incarceration, would not serve the goals of sentencing.

Finally, to the extent that Goodall argues he should be allowed to serve the remainder of his sentence on home confinement, the court reminds him that it lacks the jurisdiction to enter such an order. Although the compassionate release statute "allows a court to reduce a defendant's term of imprisonment," whether to allow a defendant to serve his term of incarceration on home confinement is "a matter committed to the discretion" of the BOP, not the court. *Wright*, 46 F.4th at 951.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Goodall's motion for compassionate release (ECF No. 180) be DENIED.

DATED November 3, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**